762 F.2d 1012
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
United States of America, Plaintiff-Appellee,
v.
K.C. Johnson.
 NO. 84-1269
 United States Court of Appeals, Sixth Circuit.
 3/4/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 BEFORE: JONES and KRUPANSKY, Circuit Judges; and BROWN, Senior Circuit Judge.
 Per Curiam.
 
 
 1
 This case presents the issue of whether a statement of identification of merchandise by a store manager is admissible under one of the exceptions to the hearsay rule set forth in Federal Rule of Evidence 803. We hold that it is not. We further hold that under the facts of this case the admission of such hearsay was harmless error.
 
 
 2
 Defendant, K. C. Johnson, was charged with importation of merchandise contrary to law under 18 U.S.C. Sec. 545 in that he violated 19 U.S.C. Sec. 1461 by failing to 'unladen' certain merchandise of foreign origin in the presence of a customs officer at the first port of entry into the United States. The government's case was that Gloria Cultess and Michael Wiley saw Johnson and a female companion remove articles of clothing from a Canadian clothing store, load them into a car, and drive away. Wiley, a security guard, got in his own car and followed Johnson to the Ambassador Bridge which connects Canada and the United States. Wiley passed Johnson on the Ambassador Bridge and alerted the United States Customs officials to the presence of Canadian goods in the car. When the customs officials asked Johnson if he had any Canadian merchandise to declare, Johnson said that he did not. The customs officials then discovered the articles of clothing both in the trunk and on the front seat.
 
 
 3
 In an attempt to establish that the undeclared items of merchandise were of Canadian origin, the government sought the admission of the testimony of a customs officer that he had called the store in Canada where he believed the merchandise was from, that the manager of the store came to the bridge and, that, upon being asked if she recognized the merchandise, the manager stated that it came from her store. The jury found Johnson guilty. He was sentenced to a three-year term of imprisonment.
 
 
 4
 Johnson contends that the admission of the statement of the store manager was inadmissible hearsay. The government recognizes that the testimony is hearsay, but argues that it is admissible under the present sense impression exception of Federal Rule of Evidence 803(1). Rule 803(1) defines such an impression as a 'statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter.'
 
 
 5
 We hold that the statement does not fall within any of the exceptions to the hearsay rule and, thus, was inadmissible. Nevertheless, the admission of this testimony does not require reversal of Johnson's conviction. There was overwhelming evidence of Johnson's guilt. Two witnesses testified that they saw Johnson take the merchandise. The customs officer testified that he examined the tags on the merchandise and that they showed the name of a Canadian store. These tags were available to the jury for their inspection. Consequently, the testimony of the manager as to the origin of the merchandise was cumulative, and the error was harmless.
 
 
 6
 We also reject Johnson's contention that the admission of other crimes evidence to show knowledge or lack of mistake was an abuse of the district court's discretion. Accordingly, the judgment of the district court is AFFIRMED.